**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN**

**JAMES MICHAEL WALL**
    Movant / Defendant

v.                                                                                                          No. 1:02CR-6-R

**UNITED STATES OF AMERICA**
    Respondent / Plaintiff

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket Entry No. 80). The respondent has responded in opposition to the motion (Docket Entry No. 86). No timely reply has been filed. The movant has filed a motion to reconsider, etc. (Docket Entry No. 88), wherein he seeks: (1) to have the Court strike the United States' response to the motion to vacate (the motion to file an untimely response was granted nunc pro tunc by separate Order); (2) to have the Court reconsider the denial of the movant's motion for default judgment; and (3) that he be granted an evidentiary hearing, presumably on the merits of the motion to vacate pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts. The magistrate judge concludes that justice requires that the response filed out of time should be granted as its late filing did not delay the present proceedings or prejudice the movant and that no material facts which would require an evidentiary hearing remain in dispute. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

At trial, the movant was represented by the honorable J. Stewart Wheeler, Jr., and Alexander Taft, Jr., represented the United States. On September 17, 2003, at a change of plea proceeding held before magistrate judge E. Robert Goebel, the movant entered into a plea of guilty

to one count of 21 U.S.C. § 841(a)(1) (knowingly and intentionally possessing with intent to distribute five kilograms or more of a mixture of cocaine, a Schedule II controlled substance). The movant also entered into a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) to one count of 18 U.S.C. § 924(c)(1)(A) (possessing and carrying a firearm during and in relation to a drug trafficking crime). At the change of plea proceeding, the pleas, including the *Alford* plea, were described as "unconditional" guilty pleas pursuant to "no plea agreement" but with certain "understandings" concerning a third forfeiture count (Docket Entry No. 89, pp. 14, 25, and 31). By report dated September 19, 2003, magistrate judge Goebel recommended that the guilty pleas be accepted. The recommendation was accepted by the district judge's order entered on November 14, 2003.

On February 3, 2004, judgment was imposed in this case and the movant was sentenced to the statutory minimum of 120 months and 60 months, respectively, to be served consecutively for a total term of imprisonment of 180 months. The movant's a criminal history category was I, his total offense level was 31, and his recommended range of punishment under the United States Sentencing Guidelines was 120 to 135 months (Docket Entry No. 90, pp. 5 and 7). No direct appeal was filed.

In the present collateral attack, the movant raises two issues, to-wit, 1) whether counsel was constitutionally ineffective for advising him to plead guilty to counts one and two; and 2) whether counsel was ineffective for failing to consult with him concerning the pros and cons of filing a direct appeal and/or failing to file a timely notice of appeal on his behalf. The respondent has not specifically addressed the movant's first contention.

The test for determining whether counsel was constitutionally ineffective is two-pronged, to-wit, the movant must prove that 1) counsel performed deficiently, and 2) the deficiency was prejudicial to the movant, i.e., but for the deficiency, the result of the proceeding, in all likelihood, would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

The movant admits unqualified guilt as to Count One. The movant received the statutory minimum sentence. The magistrate judge perceives two theories pursuant to which counsel might have been ineffective. First, competent counsel arguably might have prevailed with respect to the movant's motion to suppress and, hence, the movant would have been acquitted on Counts One and Two. Second, competent counsel might have prevailed at trial on the second count. With respect to the first possibility, the movant has neither alleged nor proven that the denial of his motion to suppress was erroneous, and no error is apparent to the magistrate judge.

With respect to the second possibility, 18 U.S.C. § 924(c)(1)(A) criminalizes the following conduct:

> ... any person who, during and in relation to any ... drug trafficking crime ...[, and] in furtherance of any such crime, possesses a firearm ....

The elements of this crime, which the United States must prove beyond a reasonable doubt, have been described as follows:

> 1. The defendant committed a drug trafficking crime.
>
> 2. The defendant knowingly possessed a firearm. The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.
>
> 3. The possession of the firearm was in furtherance of the drug trafficking crime. The term "in furtherance of" means that the firearm was possessed to advance or promote the drug trafficking crime and that the firearm was strategically located so that it was quickly and easily available for use.

Sixth Circuit Pattern Criminal Jury Instructions § 12.03.

The standard of review is as follows *(internal citations omitted)*:

> [T]he government must establish that (1) the defendant actually or constructively "possessed" the weapon; and (2) that such possession was during the commission of the offense. Once it is established that a defendant was in possession of a weapon during the commission of an offense, a presumption arises that such possession was connected to the offense. The burden then shifts to the defendant to show that it was clearly improbable that the weapon was connected to the offense. Constructive possession of an item is the ownership, or dominion or control over the item itself, or dominion over the premises where the item is located.

*United States v. Stewart*, 306 F.3d 295 (6th Cir., 2002).

In open court, the movant admitted as follows:

1. The guns, drugs, and money were discovered in the "sleeper" compartment of the movant's 18-wheeler (Change of Plea Proceedings, Docket Entry No. 89, p. 23).

2. A third party in California gave the movant bags of contraband for transport. The movant knew the bags contained drugs and money. However, the movant first realized that guns also had been placed in the bags some 1,700 miles down the road in Arkansas (Sentencing Hearing, Docket Entry No. 90, p. 4). Upon discovery of the guns, the movant's options were as follows: a) deliver the guns, drugs, and money as the third party intended, b) dispose of the guns and deliver only the drugs and the money, or c) abandon all criminal activities.

At the change of plea proceeding, the movant explained that the basis for his *Alford* plea was that, although he did not knowingly possess the guns, both he and his counsel believed a jury would likely convict him on a constructive possession theory (Docket Entry No. 89, p. 27). The movant argues that "[a]t no time *(emphasis by the movant)* of receiving such bags did Mr. Wall realize that such bags contained any firearms" (Docket Entry No. 80). The magistrate judge concludes that, notwithstanding the movant's "constructive possession" suggestion, it appears that the movant was in actual possession of the firearms, to-wit:

4

> 1. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm and knew that he had control of it.
>
> 2. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons. For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

Sixth Circuit Pattern Jury Instructions § 2.10.

In any event, the magistrate judge concludes that counsel made a reasonable strategic decision to advise the movant to plead guilty to Count Two in light of the elements of the crime and the substantial possibility that a jury would have convicted the movant of said crime.

The record reflects that there were additional potential advantages for the movant to plead guilty. The respondent argues that it was counsel's "strategy to seek a reduced sentence by way of § 5K1.1 of the sentencing guidelines." Section 5K1.1 allows district courts to depart from the guidelines and impose a sentence below the statutory minimum "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." At the change of plea proceeding, the respondent indicated that, although the movant had not yet provided sufficient information for Section 5K1.1 consideration, he might become eligible in the future (Docket Entry No. 89, p. 24). The magistrate judge concludes that the movant has failed to show that counsel was ineffective for advising him to plead guilty to Counts One and Two under any plausible theory under either prong of the *Strickland* test. Therefore, the movant's first contention is unpersuasive.

The movant's second claim is that counsel was ineffective for failing to consult with him concerning the pros and cons of filing a direct appeal and/or failing to file a timely notice of appeal on his behalf. The movant has appended to his motion a letter from the movant to counsel dated

February 29, 2004, regarding an appeal. As noted above, judgment was entered in this case on February 3, 2004, and the plaintiff had ten days thereafter until about February 13, 2004, in which to file a notice of appeal. The letter stated as follows (Docket Entry No. 80, Exhibit No. 3):

> I have not had very good luck trying to reach you by phone lately, so I decided to write you a letter because I am concerned about the 10 day time limit for appeal. You told me that there were two schools of thought on whether or not I have retained my right to appeal the motion to suppress. Until you tell me differently, I will assume that I have that right. Having said that, I am notifying you that I want you to proceed with my appeal on the motion to suppress. I don't want to lose this right by a day or two because we're playing phone tag. I realize that you're busy but also realize that we're dealing with a time constraint issue. If I'm able, I will try to contact you by phone later this week. Also, I have not received a copy of the sentencing judgment. Could you please forward a copy to me if you have received it?

Counsel responded to the movant's letter in a letter dated March 9, 2004, to-wit (Exhibit No. 4):

> Dear Mike:
>
> I received your letter, Friday, March 5, 2004. I will not be able to file the appeal. You may do so Pro Se or through the Federal Public Defenders' Office. Be however mindful of the time limitation.

There is no evidence that the movant attempted to file a belated appeal.

The United States' position is as follows: a) "the only issue [the movant] wished to appeal was the adverse decision to his motion to suppress," and b) by entering into unconditional pleas as to counts one and two, the movant "waived his right to appeal any adverse decision on a pre-plea motion, and, in particular, his right to appeal the denial of his motion to suppress."

Federal Rule of Criminal Procedure 11(a)(2) provides as follows:

> *Conditional Plea.* With the consent of the court and the government, a defendant may enter a conditional plea of guilty or <u>nolo contendere</u>, reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion. A defendant who prevails on appeal may then withdraw the plea.

The Sixth Circuit has held that a defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion to suppress evidence "unless he has preserved the right to do so by entering a

conditional plea of guilty" in compliance with Rule 11(a)(2). *United States v. Bell*, 350 F.3d 534 (6th Cir., 2003). As noted at the outset of this report, at the change of plea proceeding, the pleas, including the *Alford* plea, were described as "unconditional" guilty pleas. Therefore, if there were nothing more in the record, the respondent's position would be persuasive, i.e., by entering into unconditional pleas, the movant waived his "motion to suppress" issue for purposes of a direct appeal.

However, at the change of plea proceeding, upon questioning from magistrate judge Goebel, the parties specifically acknowledged that there was no understanding that the movant would relinquish his right to file a direct appeal or to collaterally attack his sentence (Docket Entry No. 89, p. 14). At the sentencing hearing, the movant was informed of his "right to appeal" and, in fact, signed a written acknowledgment that he had been so "notified" (Docket Entry No. 75). It seems rather strained for the United States now to argue that, despite these explicit assurances to the contrary, by pleading guilty, the movant, in fact, waived as a matter of law his right to file an appeal. Therefore, the respondent's position is unpersuasive.

The standards for determining whether counsel was ineffective for not filing a direct appeal are discussed in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The analysis is somewhat complex and may be described as follows *(conclusions pertinent to the present case in italic)*:

1. If a defendant explicitly requests that counsel file an appeal, counsel is ineffective for not filing one. *The movant has not alleged that a timely request to file an appeal was given to counsel.*

2. At the other extreme, counsel need not file an appeal where a defendant instructs counsel not to do so. *The respondent has not alleged that the movant instructed counsel not to file an appeal.*

3. Typically, counsel should consult with a defendant with respect to the pros and cons of filing an appeal, and such consultation will result in specific instructions. *The parties have not alleged that a consultation occurred or did not occur in this case.*

4. If there was no consultation but nonfrivolous grounds existed for an appeal, counsel was ineffective. *No nonfrivolous grounds have been alleged.*

5. "In the absence of either an explicit instruction to appeal or non-frivolous grounds for appeal, a defendant must show both deficient performance and prejudice through other means in order to prove that his counsel's failure to file an appeal constituted ineffective assistance of counsel." *United States v. Lovell*, 2003 WL 22976655 (6th Cir.) (construing *Roe v. Flores-Ortega*, supra). While theoretically possible, this is a difficult thing for a movant to prove. *The movant has not alleged that he expressed a timely interest in an appeal. Furthermore, as in Lovell, it is not apparent that a proper consultation by counsel likely would have resulted in an instruction to file an appeal.*

Therefore, the movant has failed to demonstrate that counsel performed deficiently and/or that the deficiency was prejudicial. Counsel was not constitutionally ineffective for failing to consult with the movant concerning the pros and cons of filing a direct appeal and/or failing to file a timely notice of appeal on his behalf.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the movant's motion to reconsider, etc. (Docket Entry Nos. 80 and 88) be DENIED.

## NOTICE

Pursuant to 28 U.S.C. § 636 and Fed.R.Civ.P. 6(e), the parties shall have thirteen (13) days from the date of notice of electronic filing to file written objections to the foregoing report with the Clerk of Court. A party may file a response to another party's objections within ten (10) days after being served a copy thereof. Fed.R.Civ.P. 72(b). A copy of the objections shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).